SUPERIOR COURT
of the
State of Delaware

William L. Witham, Jr.
*Resident Judge*

Kent County Courthouse
38 The Green
Dover, Delaware 19901
Telephone (302) 739-5332

March 16, 2020

Alicia A. Porter, Esquire
Department of Justice
102 West Water Street
Dover, Delaware 19901

Stephanie H. Blaisdell, Esquire
Office of Defense Services
45 The Green
Dover, Delaware 19901

Re:  *State v. Owen J. Thompson*
     I.D. No. 1906000870
     Letter Decision on Appeal of Commissioner's Bail Decision

Dear Counsel:

The Court has before it the State's Motion for Reconsideration of Commissioner's Order and Motion to Stay Commissioner's Order. I have carefully reviewed the parties' submissions before the Commissioner, the transcript of the Bail Hearing held on February 13, 2020, as well as the transcript of the office conference before this Court on February 17, 2020. All submissions thereafter have been reviewed.

For the reasons set forth below, the State's Motion for Reconsideration of Commissioner's Order is DENIED and the Motion to Stay is, therefore, MOOT.

A jury trial for Defendant was held on January 28, 2020. Defendant was charged with Rape Second Degree, Kidnapping Second Degree and Strangulation.

Defendant was found not guilty of all the charges of his Indictment. The State requested to submit a charge of a lesser-included offense of Attempted Rape Second Degree to the jury, and Defense agreed. The jury could not come to a decision on the charge of the lesser-included offense, and the Court declared a mistrial. The State intends to retry Defendant for the single count of Attempted Rape Second Degree. Defendant filed a motion to dismiss, or, in the alternative, a motion for a judgment of acquittal which was denied on March 11. 2020. On February 12, 2020, Defendant entered a guilty plea to Breach of Release of Bond Condition on the remaining counts. He contacted the mother of his child and was sentenced to time served.

Under Superior Court Criminal Rule 62[1], Commissioners have the power and duties conferred or imposed upon Commissioners by law, by the rules of Criminal Procedure for the Superior Court, and by Administrative Directive of the President Judge, including, but not limited to, conducting non case-dispositive hearings pending before the Court. If a non case-dispositive matter, a judge may reconsider any hearing or pretrial matter only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law.[2]

Any modifications of conditions of release must be considered under Super Court Criminal Interim Rules 5.3. and 5.4.

Once the original trial was concluded with a not guilty finding on all counts but the unindicted attempted rape charge, the defendant is viewed as an unindicted defendant and must be presumed innocent until proven guilty. It is clear from a review, that the Commissioner considered this and implicitly noted the factors in reaching her decision. Bond was set at $60,500 for the remaining charge of Attempted Rape Second Degree which is a B felony. A requirement of pretrial services monitoring with GPS and a no contact order was emphasized. Pretrial services would be authorized to increase the level to Level IV home confinement.

---

[1] Super. Ct. Crim. R 62(a)(4).

[2] Super. Ct. Crim R. 62(a)(4)(iv).

2

It is clear that the Commissioner utilized the relevant factors such as:

1. Presumption of innocence.
2. Be at liberty while awaiting trial.
3. Protection of the victim yet recognizing that financial support was needed for the victim and his child .
4. Whether the proper administration of justice is served.
5. The recommended high monetary range for a Class B felony is $60,000.[3] A totality of the circumstances analysis was utilized and this gives the Judicial Officer broad authority to make, "...a balanced assessment of the relative weight" of all the various legal factors relevant to a bail decision.[4]

In this case, the Commissioner set bail at $60,500 which this Court does not find unreasonable. Wherefore, the State's Motion for Reconsideration of Commissioner's Order is **DENIED** and Motion to Stay Commissioner's Order is **MOOT**.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:  Prothonotary
cc:  Alicia A. Porter, Esquire
     Stephanie H. Blaisdell, Esquire

---

[3] Delaware Sentencing Accountability Commission Benchbook (SENTAC) 2020 at 148.

[4] *Illinois v Gates*, 462 U. S. 213, 324 (1983).